**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI,

    Plaintiff,

                                                          CASE NO. 3:12-cv-763-J-20TEM

vs.

CITY OF JACKSONVILLE VICTIM SERVICE CENTER,
CITY OF JACKSONVILLE WELFARE DEPARTMENT,
CITY OF JACKSONVILLE TRANSIT AUTHORITY,

    Defendants.
_____

## O R D E R

This case is before the Court on Plaintiff's Affidavit of Indigency, which the Court construes as a motion to proceed *in forma pauperis* (Doc. #2). As detailed by a previous Order, this Court has taken Plaintiff's motion to proceed *in forma pauperis* under advisement. Further, for the reasons stated, the Court finds that the complaint filed by Plaintiff may be subject to dismissal.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. The Court's decision to grant *in forma pauperis* status is discretionary (*Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983) (per curiam)) and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco and Firearms*, No. 85 C 0005, 1985 WL 1613, at *1 (N.D. Ill. May 28, 1985).[1]

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of Section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) . It is well established that the complaints of *pro se* litigants must be liberally construed and are held to less exacting standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Department of Children and Families*, 256 Fed. App'x 326, 327 (11th Cir. 2007) (per curiam).

Pleadings "should contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a claim upon which relief may be granted, a complaint must make out a claim to relief that is plausible on its face based on the pleadings which are entitled to an assumption of truth. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Pleadings entitled to a presumption of truth are those which are not merely conclusory, "threadbare recitals of the elements of a cause of action . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 667. Moreover, despite the liberality of the pleading requirements, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

In the complaint, Plaintiff alleges that she was discriminated against in the provision of emergency aid to her as a victim of a crime (Doc. #1, Complaint). Plaintiff asserts that the intentional discrimination by the City of Jacksonville Victim Service Center, Welfare Department, and Transit Authority in the provision of emergency aid to her violates the Civil Rights Act ("CRA"). *Id.*

Here, Plaintiff has failed to state a claim for violation of the CRA. Plaintiff is correct to infer that federally assisted programs are constrained by the CRA. 42 U.S.C. § 2000d (2006). However, the CRA requires that Plaintiff belong to a protected class. *Id.* ("No person in the United States shall, on the grounds of *race, color, or national origin*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.") (emphasis added). Here, Plaintiff has alleged discrimination against her for no other apparent reason than because she was the victim of a crime. Complaint at 1-2. However, victims of crimes are not a protected class under the plain terms of the statute. *See* 42 U.S.C. § 2000d. Thus, in the absence of well-pleaded facts articulating, or inferring, membership in a protected class, the Court cannot find Plaintiff's CRA claim plausible.

While failure to state a claim upon which relief may granted usually requires dismissal of the complaint, a *pro se* litigant's complaint is generally may not be dismissed "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004). Thus, the Eleventh Circuit has found that courts should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to

amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (per curiam). Therefore, the Court finds that Plaintiff should be allowed an opportunity to file an amended complaint.

Additionally, Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses or at the website www.uscourts.gov/rules.

Accordingly, upon due consideration it is hereby

**ORDERED:**

1. Plaintiff is directed to file an amended complaint in conformance with all applicable rules and statutes **not later than August 13, 2012. Failure to file an amended complaint as directed by this Order will result in a recommendation to the district judge that this case be dismissed.**

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of July, 2012.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to the *pro se* plaintiff