**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DIANNE ROBERTA ADENIJI

Plaintiff,

vs. CASE NO. 3:12-cv-763-J-20TEM

CITY OF JACKSONVILLE VICTIM SERVICE CENTER,
CITY OF JACKSONVILLE WELFARE DEPARTMENT,
CITY OF JACKSONVILLE TRANSIT AUTHORITY,

Defendants.

---

**REPORT AND RECOMMENDATION**[1]

This case is before the Court on Plaintiff's amended complaint (Doc. #8, Amended Complaint) and Plaintiff's request to proceed *in forma pauperis*, contained in the amended affidavit of indigency (Doc. #9, Amended Affidavit), which the Court construes as a motion for its consideration. For the reasons set forth herein, it is respectfully **RECOMMENDED** that the motion to proceed *in forma pauperis* (based upon the Amended Affidavit), be **DENIED** and the complaint be **DISMISSED without prejudice**.

**BACKGROUND**

Plaintiff, proceeding as a *pro se* litigant, filed suit against Defendants on July 6, 2012 (Doc. #1, Complaint). On that same day, Plaintiff also filed an affidavit of indigency, which this Court construed as a motion to proceed *in forma pauperis* (Doc. #2, Affidavit). Upon examination the Affidavit, the Court noted the reported financial data was not consistent

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

with the financial information Plaintiff had stated in other recent cases.[2] Upon review of the original complaint, the Court determined the suit may be subject to dismissal pursuant to Title 28, United States Code, Section 1915.

On July 25, 2012, the undersigned entered orders directing Plaintiff to file an amended complaint and to explain the financial inconsistencies no later than August 13, 2012 (*see* Docs. #5-6). The undersigned took Plaintiff's original motion to proceed *in forma pauperis*, as construed from the Affidavit, under advisement pending Plaintiff's responses. Plaintiff was warned that "[f]ailure to file an amended complaint as directed by the Order will result in a recommendation to the district judge that this case be dismissed" (*see* Doc. #6). Plaintiff filed the "Amended Discrimination, Race, Color, National Origin, Discrimination" complaint on July 30, 2012 (Doc. #8). Rather than respond to the Court's Order concerning financial inconsistencies, Plaintiff filed an amended affidavit of indigency (Doc. #9, Amended Affidavit).

**ANALYSIS**

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees or security. 28 U.S. C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary and should be "bestowed only upon those who are truly indigent." *Antonelli v. Bureau of Alcohol, Tobacco*

---

[2]*See Adeniji v. Florida State College*, Civ. Action No. 3:11-cv-443-J-34TEM (M.D. Fla. May 4, 2011) (unpublished affidavit of indigency at docket entry #2) (stating two times that the Social Security payment was a *monthly* payment of $821)*; see also Adeniji v. U.S. Dept. of Education, Federal Offset Unit et al.*, Civ. Action No. 3:12-cv-672-J-12JBT (M.D. Fla. June 25, 2012) (unpublished amended affidavit of indigency at docket entry #10) (claiming *monthly* income of $850 from Social Security).

*and Firearms*, 1985 WL 1613, *1 (N.D. Ill. May 28, 1985);[3] *Pace v. Evans*, 709 F.2d 1428 (11th Cir. 1983). Plaintiff filed an amended affidavit which provides the Court sufficient information to determine Plaintiff is without the financial resources to commence and litigate this action. However, when an application to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. *See Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (a cause of action without arguable merit is frivolous).

Here, Plaintiff's complaint fails to state a cause of action cognizable in federal court. Plaintiff's principal claim is that she was denied emergency aid as the victim of a crime, and the denial of aid was a violation of the Civil Rights Act ("CRA"). *See generally*, Complaint and Amended Complaint. However, Plaintiff has failed to state why the CRA applies to her set of facts; i.e., Plaintiff failed to allege she was a member of a protected class and that her status as a class member was the basis for the alleged discrimination. As noted above, because Plaintiff is proceeding without the benefit of legal counsel and is seeking *in forma pauperis* status, the Court provided Plaintiff an opportunity to correct the complaint. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).

*Pro se* pleadings are held to less stringent standards than are formal pleadings drafted by lawyers. *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However,

---

[3]Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. *See also* 11th Cir. R. 36-2.

*pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Department of Children and Families*, 256 Fed. Appx. 326, 327 (11th Cir. 2007) (per curiam). Accordingly, *pro se* litigants are still expected to satisfy certain pleading criteria. *See Zabriskie v. City of Orlando,* No. 6:10-cv-1090-Orl-22DAB, 2010 WL 3259394, at *1 (Jul. 27, 2010).

Pleadings "should contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a claim upon which relief may be granted, a complaint must make out a claim to relief that is plausible on its face based on the pleadings which are entitled to an assumption of truth. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Pleadings entitled to a presumption of truth are those which are not merely conclusory, "threadbare recitals of the elements of a cause of action . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 667. Moreover, despite the liberality of the pleading requirements, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted).

Although Plaintiff was permitted the opportunity to amend the original Complaint, the Amended Complaint suffers from the same deficiency as the original complaint. Plaintiff has once again failed to adequately plead that she is a member of a class protected by the CRA. In fact, Plaintiff apparently only changed the caption of the Complaint, which now reads, "Amended Discrimination, Race, Color National Origin Discrimination." Amended Complaint at 1 (emphasis in original). However, this modification does not correct the deficiency in the original complaint and fails to nudge Plaintiff's "'claims' of invidious

discrimination 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 680 (citations omitted).

The Amended Complaint in this instance is no different from the original pleading because Plaintiff has failed to make any new well-pleaded allegations. Plaintiff's latest "allegation," if a caption can be said to contain an allegation, that discrimination occurred on account of race, color, or national origin in the provision of emergency aid is not a well-pleaded allegation, and thus is entitled to no presumption of truth. *See id.* at 680-81 (allegations that government undertook certain action against plaintiff "solely on account of [his] religion, race, and/or national origin" failed to constitute a well-pleaded allegation and was entitled to no presumption of truth) (alteration in original). In the absence of a well-pleaded factual allegation that Plaintiff is protected by the CRA, there can be no cognizable claim for a CRA violation. *See* 42 U.S.C. § 2000d (2006) ("No person in the United States shall, on the grounds of *race, color, or national origin*, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.") (emphasis added).

While the Court gives more deference to *pro se* litigants, this deference "does not give a court license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998). Accordingly, the Court may not dress Plaintiff's naked allegations to provide them with a factual basis sufficient to state a claim upon which relief may be granted. *See Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993). *See generally Zabriskie*, 2010 WL 3259394, at *2 (declining to accept *pro se* plaintiff's labels and conclusions as factual content sufficient to state a cognizable claim for relief). This is

especially so where, as here, it would not be over burdensome for the plaintiff to set forth the necessary factual bases for the claim. *See Peterson*, 998 F.2d at 912.

Moreover, within less than two years, Plaintiff has filed six cases in this district as a *pro se* litigant. In every instance, Plaintiff has claimed some type of civil rights violation.[4] As Plaintiff has repeatedly brought actions purportedly under violations of the "1991 and 1964 Civil Rights Act," Plaintiff is deemed to be more familiar with the pleading requirements of complaints in federal courts than would be the more typical *pro se* litigant suing for an alleged wrong in a single action. Plaintiff has been afforded a reasonable opportunity to correct the deficiencies in her pleading, but has failed to do so. *See McCarley v. City of Roanoke*, No. 3:06cv663-MHT, 2006 WL 3422422 (M.D. Ala. Nov. 28, 2006) (recommending dismissal of an action by a frequent pro se filer whose complaint failed to properly invoke federal jurisdiction after a reasonable opportunity to do so).

Accordingly, in consideration of the foregoing, it is respectfully **RECOMMENDED:**

1. The construed motion to proceed *in forma pauperis,* as set forth in the original Affidavit of Indigency (Doc. #2) be **DEEMED MOOT in light of the Amended Affidavit** (Doc. #9).

2. The construed motion to proceed in forma pauperis, as set forth in the Amended Affidavit (Doc. #9) be **DENIED**.

3. The Amended Complaint (Doc. #8) be **DISMISSED** prior to service of process and without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

---

[4]*See Adeniji v. Jacksonville Sheriff's Office, et al.,* Case No. 3:10-cv-1008-20JRK*; Adeniji v. Dept. of the Treasury, Financial Management Serv.,* Case No. 3:11-cv-27-J-20JBT*; Adeniji v. Florida State College*, Case No. 3:11-cv-443-J-34TEM; *Adeniji v. Best Price Food Store,* Case No. 3:11-cv-996-J-37MCR; *and*, *Adeniji v. U.S. Dept. of Education, Federal Offset Unit et al.*, Case No. 3:12-cv-672-J-12JBT.

4. Plaintiff be granted leave to re-file a properly amended, paid complaint.

**DONE AND ENTERED** at Jacksonville, Florida this 22nd day of August, 2012.

Thomas E. Morris
THOMAS E. MORRIS
United States Magistrate Judge

Copies to *Pro se* Plaintiff
and counsel of record, if any